UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAUNDREL LAMAR HONESTER,

    Petitioner,

vs.    Case No. 3:18-cv-1449-HES-JRK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## **ORDER**

### I. INTRODUCTION

Petitioner Laundrel Lamar Honester, proceeding pro se, initiated this case by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 1). He challenges his state court (Duval County) conviction for robbery. Id. at 1. He raises two grounds in the Petition: (1) ineffective assistance of counsel for failure to investigate Petitioner's medical history and present evidence that Petitioner wore contact lenses, whereas the perpetrator depicted in the video wore glasses, and (2) ineffective assistance of counsel for failure to object to the jurors being permitted to take the state's laptop computer into the deliberation room to view

the video because the jurors may have looked at other materials that the jury should not have seen. Id. at 5-7.

Respondents filed a Motion to Dismiss Petition for Writ of Habeas Corpus (Response) (Doc. 7), asserting the federal petition is untimely filed and due to be dismissed.[1] Petitioner filed a Notice/Reply (Doc. 10), stating he did not have any new evidence in his case.

## II. TIMELINESS

Respondents assert the Petition is untimely. Response at 5. Upon review, the Petition was filed beyond the Antiterrorism and Effective Death Penalty Act (AEDPA) one-year statute of limitations.

Under AEDPA, there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

---

1 Respondents filed Exhibits (Doc. 7). The Court hereinafter refers to the exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system for the Petition and Response.

removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to AEDPA, effective April 24, 1996, Petitioner had one-year to file a timely federal petition pursuant to 28 U.S.C. § 2254. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (per curiam) (one-year from date of enactment is adopted for convictions that became final prior to the effective date of AEDPA), cert. denied, 531 U.S. 840 (2000); see Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1058 (2000) (same). Review of the record shows Petitioner failed to comply with the limitation period described above.

After judgment and conviction, Petitioner appealed to the First District Court of Appeal (1st DCA). Ex. A at 80-81, Ex. D, Ex. E. On March 10, 2014,

the 1st DCA affirmed per curiam. Ex. F; Honester v. State, 134 So. 3d 953 (Fla. 1st DCA 2014). The mandate issued March 26, 2014. Ex. F.

The conviction became final on Monday, June 9, 2014 (the 90th day after March 10, 2014 fell on Sunday, June 8, 2014, and Petitioner had until Monday, June 9, 2014 to file) (According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").[2] The limitation period began running on Tuesday, June 10, 2014, and ran for a period of 365 days, unabated, until the one-year limitation period expired on Wednesday, June 10, 2015.

Petitioner filed a pro se Rule 3.850 motion on June 23, 2015, after the expiration of the one-year limitation period. Ex. I at 1-19. The trial court, in its order filed March 2, 2018, denied the motion. Id. at 20-56. Petitioner appealed. Id. at 57-59. On October 16, 2018, the 1st DCA affirmed, and the mandate issued on November 13, 2018. Ex. J; Honester v. State, 255 So. 3d

---

[2] Although Petitioner filed a pro se Rule 3.800(c) motion on May 27, 2014, Ex. G, this motion did not serve to toll the limitation period because the motion was resolved, through denial, in a decision filed June 3, 2014, Ex. H. Therefore, this motion had no impact upon tolling the statute of limitation as its pendency was subsumed in the period during which Petitioner could have sought certiorari in the United States Supreme Court. See Response at 4. Moreover, a Rule 3.800(c) motion, directed to the discretion of the trial court, is not appealable. Frazier v. State, 766 So. 2d 459, 460 (Fla. 1st DCA 2000) (per curiam).

269 (Fla. 1st DCA 2018) (per curiam). The Rule 3.850 motion did not serve to toll the limitation period under AEDPA. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state court petitions must be 'pending' in order to toll the limitations period. A state court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), cert. denied, 531 U.S. 991 (2000).

Petitioner did not file his federal Petition (Doc. 1) until November 30, 2018, pursuant to the mailbox rule, well past the expiration of the one-year limitations period. Based on the history outlined above, the federal Petition filed in 2018 is untimely and due to be dismissed unless Petitioner can establish equitable tolling of the statute of limitations is warranted. Damren v. Fla., 776 F.3d 816, 821 (11th Cir. 2015) (per curiam), cert. denied, 137 S. Ct. 830 (2017). In order to be entitled to equitable tolling a petitioner is required to demonstrate two criteria: (1) the diligent pursuit of his rights and (2) some extraordinary circumstance that stood in his way and that prevented timely

5

filing. Agnew v. Fla., No. 16-14451-CIV, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by 2017 WL 962486 (S.D. Fla. Feb. 22, 2017). Equitable tolling is an extraordinary remedy, employed in "rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quotations and citation omitted), cert. denied, 138 S. Ct. 1042 (2018).

As such, a petitioner must make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," a hurdle not easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted), cert. denied, 546 U.S. 1108 (2006). The petitioner carries the burden of persuasion, and, in this instance, Petitioner has not met this high hurdle. Indeed, he has not pled "enough facts that, if true, would justify an evidentiary hearing on the issue." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) (quoting Hutchinson v. Fla., 677 F.3d 1097, 1099 (11th Cir. 2012)), cert. denied, 574 U.S. 1125 (2015).

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. The only explanation provided by Petitioner is his statement, contained in the Petition, concerning timeliness: "(Don't apply)"

and "N/A." Petition at 13. This Court must apply the one-year statute of limitations; AEDPA is clearly applicable to Petitioner's case as his conviction became final after April 24, 1996, the effective date of AEDPA. Smith v. Jones, 256 F.3d 1135, 1143 (11th Cir. 2001) (by its terms, the statute of limitations provision in AEDPA bars any petition filed more than a year after the conviction became final at the conclusion of direct appeal, absent exceptions and qualified tolling periods), cert. denied, 534 U.S. 1136 (2002). The record demonstrates Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Petitioner has not shown extraordinary circumstances stood in his way and prevented him from timely filing the Petition. Furthermore, he has not shown he exercised due diligence. Petitioner fails to demonstrate he is entitled to equitable tolling.

Also, Petitioner does not assert or demonstrate that he has new evidence establishing actual innocence. See Reply. Indeed, Petitioner does not point to any evidence demonstrating it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. See McQuiggan v. Perkins, 569 U.S. 383, 395 (2013) (restricting the miscarriage of justice exception to a severely confined category of cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner).

Focusing its inquiry on the circumstances surrounding Petitioner's late filing of the Petition, this pro se Petitioner is not excused from complying with the time constraints for filing a federal petition. Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. He has failed to demonstrate he is entitled to equitable tolling. He does not claim actual innocence and he has made no attempt to make a credible showing of actual innocence by offering new evidence that is directly probative of his innocence. Therefore, the Court will dismiss the Petition and the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) and the case are **DISMISSED with prejudice.**

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

4. If Petitioner appeals the dismissal of the Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability.**[3] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of May, 2021.

_____
UNITED STATES DISTRICT JUDGE

sa 5/19
c:
Laundrel Lamar Honester
Counsel of Record

---

[3] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.